LIFANG CHEN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–70186.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 19, 2010.

Albert S. Chow, Esq., Lin & Chow, Monterey Park, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Lifang Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ")

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010). We deny the petition for review.

The IJ found Chen not credible for a number of reasons, including Chen's unclear testimony regarding how school authorities punished her, her evasiveness during parts of her testimony, the omission of her parents' arrest from her asylum application, and the inconsistency between her testimony and the record of her credible fear interview regarding who involved her in distributing Falun Gong pamphlets. Substantial evidence supports the IJ's adverse credibility determination. *See id.* at 1040–44 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"); *Malkandi v. Holder*, 576 F.3d 906, 917–19 (9th Cir.2009). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

Because Chen's CAT claim is based on the same testimony found to be not credible, and Chen does not point to any other evidence that shows it is more likely than not she would be tortured if returned to China, her CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**